JUSTICE GRAY
concurring in part and dissenting in part.
I join Justice Trieweiler’s dissent on issue one in which he concludes that the District Court erred in permitting the jury to consider certain statements made by the defendant at the omnibus hearing and in instructing the jury regarding admissions and confessions. I also join in Justice Trieweiler’s special concurrence on issue three regarding speedy trial. I dissent separately from the Court’s opinion on issue two because it is my view that the District Court erred in *37 permitting a medical doctor to testify as to the victim’s identification of the perpetrator.
The Court relies on Rule 803(4), M.R.Evid., in concluding that Dr. Bender was entitled to repeat KT.’s statement that her stepfather was the person who had kicked her. I agree with the Court that statements made to medical doctors for the purpose of medical diagnosis and treatment are admissible under Rule 803(4) as an exception to the hearsay rule when the declarant’s motive in making the statement is consistent with seeking medical treatment and the statement is of a type reasonably relied on by a physician when making diagnosis and treatment decisions. I also agree that KT.’s statement meets the first prong of this test because her motive in making the statement was consistent with seeking medical treatment.
I disagree, however, that the portion of KT.’s statement in which she identified her stepfather as the person who had kicked her meets the second prong. The identity of the alleged perpetrator has nothing whatsoever to do with the doctor’s need to know how the injury came about. The doctor does not rely in any way on the identity of the alleged perpetrator when making diagnosis and treatment decisions; only that portion of KT.’s statement identifying the “mechanism” of the injury as repeated kicks is relevant to diagnosis and treatment. It is that portion of the statement which resulted in the taking of X-rays in this case and not, as the Court suggests, the portion in which she identified her stepfather as the person who had kicked her.
On that basis, I conclude that Dr. Bender should not have been permitted to testify as to KT.’s identification of the perpetrator. I would reverse the District Court on this issue.